This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  **NO. 29,558**

**ABEL LOPEZ-ESQUIVEL, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth , District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his conviction for driving while intoxicated (fourth offense).

[RP 100-04] He claims that his conviction should be reversed because the State destroyed evidence. The evidence consisted of a dash cam video that was not preserved when the investigating officer changed his video equipment. [DS 4] Our notice proposed to affirm. Defendant responded with a memorandum in opposition. We have considered Defendant's arguments but are not persuaded the analysis in our notice is incorrect. Accordingly, we affirm.

**DISCUSSION**

We apply a three-part test to determine whether deprivation of evidence is reversible error. *State v. Pacheco*, 2008-NMCA-131, ¶ 28, 145 N.M. 40, 193 P.3d 587. The State must have breached some duty or intentionally deprived the defendant of evidence, the improperly "suppressed" evidence must have been material, and the suppression of the evidence must prejudice the defendant. *State v. Chouinard*, 96 N.M. 658, 661, 634 P.2d 680, 683 (1981). Evidence is material if there is a reasonable probability that if it had been considered the result of the trial would have been different. *See State v. Fero*, 107 N.M. 369, 371, 758 P.2d 783, 785 (1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citation omitted).

When a lost or destroyed evidence claim is presented, the district court has two

options. It may exclude all evidence that might have been impeached by the lost evidence, or it may admit all evidence that the lost evidence might have impeached, with full disclosure of the loss and its import. *See State v. Riggs,* 114 N.M. 358, 361, 838 P.2d 975, 978 (1992). The choice between these alternatives must be made on a case-by-case basis. *See Chouinard,* 96 N.M. at 663, 634 P.2d at 685. "The importance of the lost evidence may be affected by the weight of other evidence presented, by the opportunity to cross-examine, by the defendant's use of the loss in presenting the defense, and other considerations. The trial court is in the best position to evaluate these factors." *Id.* We review the court's decision for an abuse of discretion. *Pacheco*, 2008-NMCA-131, ¶ 27.

Because the docketing statement does not contain any information about the trial evidence, our notice assumed that the officer's testimony was consistent with the criminal complaint. [RP 49] According to the complaint, Defendant failed to stop at a stop sign. When the officer turned on his emergency equipment, Defendant attempted to get away by pulling quickly into a private driveway, where he attempted to switch with his wife/girlfriend. [RP 49] Defendant appears to have admitted drinking "a few," had slurred speech, and had a strong odor of alcohol. [RP 50] He swayed, missed all touches on the finger-to-nose test, and failed to follow instructions

for the field sobriety test. [RP 51] He refused to properly give a breath sample. [RP 49] In his memorandum in opposition, Defendant has not challenged our assumptions, but has suggested that he was having car problems and was afraid his car would stop running if he stopped at the stop sign. [MIO 3-4] However, although the memorandum characterizes this position as counsel's argument, there is no indication that Defendant testified to this version of events.

Defendant contends that the suppression of all evidence from the stop is required. Here, this would be the equivalent of dismissal of the case. We are not persuaded that such an extreme remedy was required. As noted in *Riggs*, the other option available to Defendant would be an instruction informing the jury that the video tape was no longer available and allowing the jury to consider that fact. *See Riggs*, 114 N.M. at 361, 838 P.2d at 978. Our notice observed that the docketing statement did not inform us whether Defendant requested such an instruction or whether the court gave an instruction. [CN 4] We further suggested that such an instruction would have been sufficient to ensure Defendant's right to a fair trial. *See State v. Duarte*, 2007-NMCA-012, ¶¶ 3-12, 140 N.M. 930, 149 P.3d 1027 (filed 2006) (holding that where the state lost the video tape of the defendant's second set of sobriety tests, the court's decision to deny suppression but to allow cross-examination

of the officer about the lost videotape was not an abuse of discretion).  In response, Defendant's memorandum does not state that counsel requested such an instruction. Consequently, it appears that when the court denied Defendant's motion to dismiss, Defendant did not seek to avail himself of other avenues.

Defendant argues that "the court abused its discretion in failing to conduct any inquiry into the destroyed evidence." [MIO 8]  He characterizes the court's ruling as a "blanket denial" [MIO 6] and argues that the court did not hold "a hearing to fully explore the content of the videotape or the potential impact it might have had." [MIO 5]  He then argues that the court's failure to properly evaluate the necessary factors in the *Chouinard* test was "hardly a prudent exercise of its discretion."  [MIO 6]  We are not persuaded.  Defendant made an oral motion, [MIO 2] apparently on the day of trial, and we see no request for a separate evidentiary hearing on the suppression motion in the record.  From the memorandum in opposition, it is clear that Defendant presented his arguments to the court and that the court considered those arguments and ruled on Defendant's motion. [MIO 3] Accordingly, we disagree that the court failed to "conduct any inquiry" or that a separate hearing "to fully explore the content of the videotape" was required.  We reject Defendant's assertions that something more was required or his implication that the court did not exercise its discretion at all.

We follow *Duarte* and hold that suppression of all evidence that the video might have impeached was not required. The evidence suggests that there is ample evidence of guilt. We are provided with no information that Defendant was precluded from having an instruction on this issue or from cross-examining about the officer's failure. On the facts, we see no realistic basis beyond "extrapolated speculation" that the video tape would have undercut the prosecution's case. *See Riggs*, 114 N.M. at 361, 838 P.2d at 978; *Chouinard*, 96 N.M. at 663, 634 P.2d at 685. Nor are we inclined to conclude that there is a reasonable probability that, if the video would have been available, the result of the trial would have been different. *See Fero*, 107 N.M. at 371, 758 P.2d at 785. Consequently, we hold that Defendant has not demonstrated materiality or prejudice and that the court did not abuse its discretion in refusing to suppress all of the evidence which the video might have impeached. Suppression would have been the most extreme remedy available— the equivalent of dismissal. Where Defendant's assertion that the videotape may have helped him is speculative, we cannot say the court abused its discretion in refusing to dismiss the case.

For these reasons, we affirm.

**IT IS SO ORDERED.**

                                          _____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**